O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST COAST LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> GLENDA CLARK, an individual, and KATHLEEN CLARKE-PATERSON, an individual, formerly known as KATHLEEN CLARKE STOKES, <br><br> Defendants. | Case No. CV 13-06249 DDP (VBKx) <br><br> **ORDER GRANTING DEFENDANT AND CROSS-CLAIMANT KATHLEEN PATERSON'S MOTION FOR ORDER STAYING DISBURSEMENT OF INTERPLEADED FUNDS PENDING APPEAL** <br><br> [DKT. NO. 65] <br><br> cc: FISCAL |

Presently before the Court is Defendant and Cross-Claimant Kathleen Paterson's motion for an order staying disbursement of the interpleaded funds pending appeal (the "Motion"). (Docket No. 65.) For the reasons stated in this Order, the Motion is GRANTED.

**I. Background**[1]

Plaintiff West Coast Life Insurance Company ("WCLIC") filed this action after a dispute arose as to the proper beneficiary

---

[1] A fuller description of the underlying facts in this case is contained in the Court's order granting Glenda's motion for summary judgment. (Docket No. 60.) The Court recites here only those facts that are pertinent to the stay motion.

under a life insurance policy on the life of Jeffrey L. Clarke ("Decedent"). (See Complaint, Docket No. 1.) WCLIC filed the action against Defendants Glenda Clarke ("Glenda"), Decedent's ex-wife, and Kathleen Clarke-Paterson ("Kathleen"), Decedent's sister. (Id.) WCLIC was discharged from the action. (Docket No. 30.) Glenda then filed a motion for summary judgment, which the Court granted. (Docket No. 60.) Kathleen has appealed the Court's order granting summary judgment in favor of Glenda and now requests that the Court stay disbursement of the interpleaded life insurance proceeds pending Kathleen's appeal. (Docket No. 65.) The disbursement of the funds is currently stayed temporarily to allow the Court to decide the Motion. (See Docket No. 62.) Glenda has not filed any opposition to the Motion.

**II. Discussion**

A stay is "an exercise of judicial discretion" that turns "upon the circumstances of the particular case." Id. at 672-73; see also Nken v. Holder, 556 U.S. 418, 433 (2009). Courts consider four factors when determining whether a stay is appropriate under the circumstances: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Here, the Court previously granted a temporary stay and requested that Kathleen file a noticed motion for a stay pending appeal so that any opposition Glenda might have to a stay could be presented to the Court. However, Glenda filed no opposition to the

1  Motion. Pursuant to Local Rule 7-12, the Court deems Glenda's
2  failure to file an opposition to the Motion as consent to granting
3  the motion.
4      The Court also finds that Kathleen has made a sufficient
5  showing to support her request for a stay. Though the Court does
6  not find that Kathleen is highly likely to succeed on appeal,
7  Kathleen's appeal presents serious legal questions such that a stay
8  may be appropriate. See <u>Alliance for Wild Rockies v. Cottrell</u>, 632
9  F.3d 1127, 1131-34 (9th Cir. 2011). Further, Kathleen has
10 established that she is likely to be irreparably harmed if the
11 funds are disbursed to Glenda and Kathleen wins on appeal, as it is
12 likely that the funds will be spent or no longer available such
13 that Kathleen would have a hard time recovering them. The Court
14 presumes that Glenda will suffer no serious hardship by not having
15 access to the interpleaded funds that the Court awarded to her on
16 summary judgment until the appeals process is complete, since she
17 provided no opposition to the Motion. Further, although
18 disbursement will be delayed, Glenda will still be guaranteed to
19 receive her payout if the Court's decision is affirmed on appeal,
20 while if the funds are disbursed to Glenda now, there will be no
21 guarantee that the funds will remain accessible to Kathleen should
22 she succeed on appeal. Therefore, the potential harm to Kathleen
23 sharply outweighs any harm to Glenda, who has not provided any
24 argument that a stay will cause her any harm at all.
25
26 ///
27 ///
28 ///

**III. Conclusion**

    For the foregoing reasons, the Court GRANTS the Motion. The clerk shall not disburse the interpleaded funds, pending further order from the Court.

IT IS SO ORDERED.

Dated: August 13, 2014

                                          DEAN D. PREGERSON
                                          United States District Judge